IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

STEPHANIE ARMAS, on behalf of herself and all
others similarly situated,

      Plaintiffs,

v.

IVANWORKS WELLNESS, LLC,  a Florida
limited liability company d/b/a ELEMENTS
MASSAGE PINECREST, and ELEMENTS
THERAPEUTIC MASSAGE, LLC,

      Defendants.

---

## DEFENDANT ELEMENTS THERAPEUTIC MASSAGE, LLC'S NOTICE OF REMOVAL

Defendant Elements Therapeutic Massage, LLC ("ETM") removes the below-described action to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453. This Court has jurisdiction over the claims asserted in this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

## PROCEDURAL HISTORY

1.      On July 8, 2020, Plaintiff Stephanie Armas ("Plaintiff") commenced a putative class action against a local massage studio, Ivanworks Wellness, LLC d/b/a Elements Massage Pinecrest ("Elements Pinecrest"). On July 28, 2020, Plaintiff filed her First Amended Class Action Complaint for Damages ("Amended Complaint"), styled *Armas v. Ivanworks Wellness, LLC d/b/a Elements Massage Pinecrest, and Elements Therapeutic Massage, LLC*, Case No.

CASE NO.: _____

2020-014384-CA-01, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade

County, Florida (the "State Court Action"). The Amended Complaint added as a defendant ETM,

which operates a franchise business for therapeutic massage studios under the Elements Massage

brand. (Ex. A, Decl. of Tyler Moore, ¶ 4.)

2. The Amended Complaint alleges Plaintiff was unable to cancel her membership

with Elements Pinecrest during the COVID-19 pandemic, and asserts three claims against

Defendants: (1) breach of contract; (2) violations of the Florida Deceptive and Unfair Trade

Practices Act ("FDUTPA"); and (3) unjust enrichment. Plaintiff's claims are brought on behalf

of herself and a putative nationwide class of "members who attempted to cancel their

memberships at Elements Massage locations but were unable to do so," and "members who were

continued to be charged for services that Elements Massage locations could not and did not

perform," pursuant to provisions 1.220(a), 1.220(b)(1), and 1.220(b)(3) of the Florida Rules of

Civil Procedure. (Am. Compl. ¶ 18.)

3. ETM was served with the Amended Complaint on July 27, 2020. This Notice of

Removal is thus timely filed within 30 days of receiving the Amended Complaint, as required by

28 U.S.C. § 1446(b).

4. True and correct copies of the Amended Complaint, Summons, and all other

process and pleadings served upon ETM in the State Court Action are attached as Exhibits B - D.

Plaintiff has not served upon ETM any other process, pleadings, or orders. *See* 28 U.S.C. §

1446(a) (requiring attachment of state court pleadings).

CASE NO.: _____

5.      Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district embracing the place and county where the State Court Action was pending and where the Amended Complaint was filed.

6.      A true and correct copy of this Notice of Removal is being submitted for filing with the Clerk for the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and is being served upon counsel of record for Plaintiff. *See* 28 U.S.C. § 1446(d) (requiring notice to adverse parties and state court).

7.      No waiver or admission of fact, including without limitation, the amount of potential damages, is intended by this Notice of Removal, and ETM reserves all rights and defenses under applicable law, including but not limited to the absence of personal jurisdiction over ETM.

## **GROUNDS FOR REMOVAL**

8.      Plaintiff brings this case as a class action pursuant to Florida Rules of Civil Procedure 1.220(a), 1.220(b)(1), and 1.220(b)(3). Thus, removal based on diversity jurisdiction under CAFA is proper where, as here, the putative class contains at least 100 class members, the parties are minimally diverse, and the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

9.      By design, CAFA "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). When a defendant seeks removal under CAFA, it need only file a notice of

CASE NO.: _____

removal "containing a short and plain statement of the grounds for removal." *Id.* (quoting 28

U.S.C. § 1446(a)).

10.     "Congress, by borrowing the familiar 'short and plain statement' standard from

Rule 8(a), intended to 'simplify the pleading requirements for removal' and to clarify that courts

should 'apply the same liberal rules [to removal allegations] that are applied to other matters of

pleading.'" *Dart Cherokee*, 574 U.S. at 87 (quoting H.R. Rep. No. 100-889, at 71 (1988)).

Accordingly, CAFA's provisions "should be read broadly, with a strong preference that interstate

class actions should be heard in a federal court if properly removed by any defendant." *Id.* at 88

(quoting S. Rep. 109-14, at 43 (2005)). Furthermore, no anti-removal presumption applies to

class actions invoking jurisdictions under CAFA. *See Scenic Health All., Inc. v. State Farm Mut.*

*Auto. Ins. Co.*, 124 F. Supp. 3d 1291, 1294 (S.D. Fla. 2015) ("Finally, the Court must bear in

mind that no anti-removal presumption attends cases invoking CAFA, which Congress enacted

to facilitate adjudication of certain class actions in federal court") (internal citation and quotation

marks omitted).

11.     This putative class action satisfies all the jurisdictional requirements under

CAFA. The allegations in the Amended Complaint demonstrate that: (1) the parties are

minimally diverse; (2) the proposed nationwide class consists of 100 or more members; (3) the

amount in controversy exceeds the $5,000,000 amount-in-controversy threshold; (4) the primary

defendants are not States, State officials, or other governmental entities against whom the district

court may be foreclosed from ordering relief; and (5) the exceptions to CAFA do not apply here.

*See* 28 U.S.C. § 1332(d).

CASE NO.: _____

**A.      There is Sufficient Diversity of Citizenship.**

12.      CAFA requires only minimal diversity—at least one plaintiff must be diverse

from one defendant. *See Schwartz v. SCI Funeral Servs. of Fla., Inc.*, 931 F. Supp. 2d 1191,

1194 (S.D. Fla. 2013).

13.      At the time she filed her Amended Complaint, Plaintiff was a citizen of Florida

and a resident of Miami-Dade County, Florida. (Am. Compl. ¶ 1.)

14.      Elements Pinecrest is a corporation organized under the laws of the State of

Florida, with its principal place of business in Miami, Florida. (*Id.* at ¶ 2.)

15.      ETM is a Delaware limited liability company, with its principal place of business

in Colorado. (Ex. A, ¶ 3.)

16.      Generally, when a case is brought under CAFA, "an unincorporated association is

considered to be a citizen of the state in which [it] has its principal place of business and the state

under whose laws its organized." *Lewis v. Seneff*, No. 6:07-cv-1245-Orl-22DAB, 2008 WL

3200273, at *5 (M.D. Fla. Aug. 5, 2008) (citing 28 U.S.C. § 1332(d)(10)).

17.      A limited liability company is considered an "unincorporated association" under

28 U.S.C. § 1332(d)(10)). *See id.* (ordering plaintiffs to properly allege the citizenship of two

defendant LLC's pursuant to § 1332(d)(10)); *see also Marquez v. GNS & Assocs., Inc.*, No. 17-

00060-CG-N, 2017 WL 4479365, at *4 (S.D. Ala. June 27, 2017), *report and recommendation

adopted*, 2017 WL 4477297 (S.D. Ala. Oct. 5, 2017) (applying § 1332(d)(10) to limited liability

company); *Coleman v. Chase Home Fin., LLC*, No. 08-2215(NLS)(JS), 2009 WL 1323598, at *2

(D.N.J. May 11, 2009) (collecting cases where courts have determined that § 1332(d)(10) applies

CASE NO.: _____

to limited liability companies); *Rolling Greens MHP, L.P v. Comcast SCH Holdings L.L.C.*, 374

F.3d 1020, 1022 (11th Cir. 2004) (holding that the general rule for unincorporated entities

applies to limited liability companies when determining citizenship); *Adkins v. Family Dollar*

*Stores of Fla., LLC*, No. 3:18-cv-125-J-34PDB, 2018 WL 5312024, at \*1 (M.D. Fla. Oct. 26,

2018) (same).

18.    ETM, as a Delaware limited liability company headquartered in Colorado, is thus

a citizen of Delaware and Colorado pursuant to §1332(d)(10).

19.    Accordingly, because at least one putative class member (Plaintiff) is a citizen of

a different state (Florida) than ETM's states of residence (Colorado and Delaware), CAFA's

requirement for minimal diversity is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A) (diversity is

satisfied under CAFA if "any member of a class of plaintiffs is a citizen of a state different from

any defendant").

**B.    The Putative Class Size Exceeds 100 Members.**

20.    CAFA requires that the putative class be comprised of at least 100 persons. 28

U.S.C. § 1332(d)(5)(B). This requirement is satisfied here.

21.    Plaintiff brings this action on behalf of "no less than thousands of members of the

Class." (Am. Compl. ¶ 22.) Plaintiff's proposed "[n]ationwide [c]lass" includes "[a]ll members

who attempted to cancel their memberships at Elements Massage locations but were unable to do

so" and "[a]ll members who were continued to be charged for services that Elements Massage

locations could not and did not perform." (*Id.* at ¶ 18.)

CASE NO.: _____

22.     Based on the face of Plaintiff's Amended Complaint alone, the putative class size exceeds 100 members.

**C.     CAFA's Amount-in-Controversy Requirement Is Satisfied.**

23.     To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individuals comprising a putative class are aggregated to determine if the amount in controversy exceeds the $5,000,000 jurisdictional threshold. *Id.* § 1332(d)(6).

24.     While ETM denies Plaintiff's allegations and denies that she or the putative class are entitled to any relief, in determining the amount in controversy the Court must assume the allegations in the Amended Complaint are true. Further, a defendant's notice of removal need only include a "plausible allegation that the amount in controversy exceeds [this] jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. CAFA's amount-in-controversy is satisfied here under these pleading standards.

25.     Plaintiff claims that she and the proposed class suffered damages by being charged $100 a month for services that "could not and were not performed." (Am. Compl. ¶ 44.)

26.     There are approximately 250 independently owned and operated Elements Massage locations nationwide, with a total of approximately 110,000 members. (Ex. A ¶¶ 4-5.)

27.     Due to the COVID-related closures in the states in which ETM's franchisees operate, and the nature of Plaintiff's allegations, the amount in controversy easily exceeds $5 million and thus satisfies CAFA's amount-in-controversy requirement.

CASE NO.: _____

**D.      Elements Is Not a State, State Official, or Government Entity.**

28.      CAFA does not provide a basis for subject-matter jurisdiction when the primary

defendant is a State, State official, or other governmental entity against whom the district court

may be foreclosed from ordering relief. 28 U.S.C. § 1332(d)(5)(A). Both Defendants named in

the Amended Complaint are private entities. This CAFA requirement, too, is satisfied.

**E.      The Exceptions to CAFA Do Not Apply.**

29.      Plaintiff bears the burden of establishing the exceptions to CAFA jurisdiction.

*PHLD P'ship v. Arch Specialty Ins. Co.*, 565 F. Supp. 2d 1342, 1343 (S.D. Fla. 2008) ("But once

CAFA's jurisdictional requirements are satisfied, the burden shifts to the party opposing removal

to establish that one of the exceptions to CAFA applies.)

30.      Plaintiff's Amended Complaint demonstrates that none of these exceptions

applies. Each of the CAFA exceptions, as a starting point, requires that the primary defendant is

an in-state defendant, that a majority of the members of the proposed classes are from Florida, or

that all claims in the action relate solely to securities or the internal governance of a business

entity. 28 U.S.C. § 1332(d)(3)-(4), (9). Here, Plaintiff alleges a nationwide class with thousands

of members located outside of Florida and ETM, the national franchisor, is an out-of-state

defendant. (*See* Ex. A ¶ 3.) None of the claims relate to securities or internal governance.

Therefore, none of the CAFA exceptions apply.

## CONCLUSION

For the foregoing reasons, ETM respectfully gives notice that the State Court Action

pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County,

CASE NO.: _____

Florida is removed to this Court.

Dated:  August 26, 2020                    Respectfully submitted,


*s//David M. Buckner*
David M. Buckner
Florida Bar No. 060550
david@bucknermiles.com
Brett E. von Borke
Florida Bar No. 0044802
vonborke@bucknermiles.com
Buckner + Miles
3350 Mary Street
Miami, Florida  33133
Telephone:   305.964.8003
Facsimile:    786.523.0485


Kathryn A. Reilly (*pro hac vice* application pending)
Galen D. Bellamy (*pro hac vice* application pending)
Nora Y. S. Ali (*pro hac vice* application pending)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  303.244.1800
Facsimile:   303.244.1879
Email:    reilly@wtotrial.com
            bellamy@wtotrial.com
            ali@wtotrial.com

*Attorneys for Defendant Elements Therapeutic*
*Massage, LLC*

**<u>CERTIFICATE OF SERVICE (CM/ECF)</u>**

I HEREBY CERTIFY that on August 26, 2020, I electronically filed the foregoing **DEFENDANT ELEMENTS THERAPEUTIC MASSAGE, LLC'S NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

- **Eduardo E. Bertran**
  ebertran@armaslaw.com

- **Francesco Zincone**
  alfred@armaslaw.com

- **J. Alfredo Armas**
  fzincone@armaslaw.com

*s/ David M. Buckner*

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

STEPHANIE ARMAS, on behalf of herself and all
others similarly situated,

      Plaintiffs,

v.

IVANWORKS WELLNESS, LLC, a Florida
limited liability company d/b/a ELEMENTS
MASSAGE PINECREST, and ELEMENTS
THERAPEUTIC MASSAGE, LLC,

      Defendants.

## DECLARATION OF TYLER MOORE IN SUPPORT OF NOTICE OF REMOVAL

I, Tyler Moore, upon personal knowledge, declare and state as follows:

1.     I am over the age of eighteen and am competent to testify to and have personal knowledge of the matters contained herein.

2.     I am the Vice President of Operations for WellBiz Brands, Inc., which is the parent company for Elements Therapeutic Massage, LLC ("ETM"). Beginning in 2012, I worked exclusively on the ETM brand. As a result of my position within the Company, I am familiar with the corporate structure of ETM.

3.     ETM is a Delaware limited liability company with its principal place of business in Englewood, Colorado.

4.     ETM operates a franchise business for therapeutic massage studios under the Elements Massage brand. Currently, ETM has approximately 250 franchised massage studios

throughout the United States—each of which is independently owned and operated by a franchisee.

5.      Based on our records, there are approximately 110,000 members of Elements Massage locations nationwide. Thousands of those members are located outside Florida.

6.      I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 26th day of August, 2020, in Fishers, Indiana.

s/

**EXHIBIT B**

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| Stephanie Armas, on behalf of | ) | |
| herself and all others similarly | ) | |
| situated | ) | GENERAL JURISDICTION |
| | ) | |
| Plaintiff(s), | ) | CASE NO. |
| | ) | |
| v. | ) | |
| | ) | |
| Ivanworks Wellness, LLC, | ) | |
| a Florida limited liability company | ) | |
| d/b/a Elements Massage Pinecrest | ) | |
| | ) | |
| _____/ | | |

### PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff Stephanie Armas ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class") hereby brings this action against Ivanworks Wellness, LLC d/b/a Elements Massage Pinecrest (the "Defendant") and alleges as follows:

### Parties and Jurisdiction

1.     Plaintiff Stephanie Armas is an individual over the age of eighteen, is a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

2.     Ivanworks Wellness, LLC is a Florida limited liability company that regularly transacts business in Miami-Dade County, Florida.

3.      This is an action in which the amount in controversy, in the aggregate, exceeds the sum of thirty thousand dollars ($30,000.00), exclusive of interest, costs, and attorneys' fees.

4.      Venue is proper because the parties agreed pursuant their contractual obligations any actions would be brought in the Circuit Court in and for Orange County, Florida.

## GENERAL ALLEGATIONS

5.      Defendant operates as Elements Massage Pinecrest, offering a subscription based membership plan wherein customers pay a monthly fee of $100.00 for one massage a month.

6.      Plaintiff became a member and began paying $100.00 a month.

7.      On March 9, 2020, Governor Ron DeSantis declared a state of emergency in Florida.  That declaration allows the State of Florida "to create a unified command structure . . . and allows, if need be, out of state medical personnel to operate in Florida" in order to address and work to contain the disease.

8.      On March 19, 2020, pursuant to Emergency Order 7-20, Miami-Dade County Mayor Carlos Gimenez issued an executive order ordering all non-essential retail and commercial establishments closed.

9.      In light of the fact that Plaintiff could no longer receive the services bargained for, Plaintiff attempted to cancel her membership but was told that the

only way she could do so was if she physically went to the location and cancelled in person.

10.     This was obviously not possible because the massage parlor had been ordered closed.

11.     Thus, Defendant continued to charge Plaintiff for three months and refused to cancel the membership.

12.     Upon information and belief, Defendant has done the same for countless other members who have attempted to cancel their membership but have been unable to do so.

13.     Defendant's actions have caused Plaintiff and the Class harm.

<u>**CLASS ALLEGATIONS**</u>

14.     Plaintiff brings this action on behalf of herself and the following classes, pursuant to provisions 1.220(a), 1.220(b)(1), and 1.220(b)(3) of the Florida Rules of Civil Procedure:

<u>**Statewide Class**</u>

All members who were attempted to cancel their memberships at Wellness Miami but were unable to do so because of Wellness Miami's draconian policy of requiring in-person cancellations.

All members who were continued to be charged for services that Wellness Miami could not and did not perform.

Excluded from the class are all persons who made a timely election to be excluded from the class, the judge to whom this case is assigned and his/her immediate family, and the attorneys of record.

3

15.    Plaintiff reserves the right to revise the Class definition based upon information learned through discovery.

16.    Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

17.    This action has been brought and may be properly maintained on behalf of the Class proposed herein under Florida Rules of Civil Procedure 1.220(a), 1.220(b)(1), and 1.220(b)(3).

18.    **Numerosity**.   Florida Rules of Civil Procedure 1.220(a)(1): The members of the Class are so numerous that individual joinder is impossible.  While Plaintiff is informed and believes there are no less than thousands of members of the Class, the precise number of Class members is unknown to Plaintiff but may be ascertained from Defendant's records.   Class members may be notified of the pendency of this action by recognized, court approved notice dissemination methods, which may be disseminated by U.S. Mail, email, internet postings, radio and television commercials, and print notice.

19.    **Commonality**.   Florida Rule of Civil Procedure 1.220(a)(2):  This action involves common questions of law and fact.  Plaintiff and Class possess the same rights arising contractually and under the laws of the State of Florida.  The

4

claims are predicated on the Defendant's improper and unlawful actions.   The damages suffered by the Plaintiff and the Class were caused by the same common course of conduct on the part of the Defendant.

20.   The common questions of law and fact, which predominate over any questions affecting individual Class members, include, without limitation:

a.   Whether Defendant engaged in the conduct alleged herein;

b.   Whether defendant breached its contractual obligations by making it impossible for members to terminate their contracts and/or continuing to charge members for services that were not and could not be performed; and

c.   Whether Plaintiff and the Class are entitled to consequential damages and, if so, in what amount.

21.   **Typicality**.  Florida Rule of Civil Procedure 1.220(a)(3):  Plaintiff's claims are typical of other Class members' claims as Plaintiff possess the same interests and suffered the same injuries as the Class, such that there is a sufficient nexus between Plaintiff's claims and those of the Class.

22.   **Adequate Representation**.   Florida Rule of Civil Procedure 1.220(a)(4): Plaintiff is an adequate class representative because her interests do not conflict with the interests of the other members of the Class.  Plaintiff intends to prosecute this case vigorously.  Plaintiff has retained the law firm of Armas Bertran

Pieri.  The Class' interests will be fairly and adequately protected by Plaintiff and her counsel.

23.  **<u>Predominance and Superiority</u>**.  Florida Rules of Civil Procedure 1.220(b)(1) and 1.220(b)(3):  A class action is superior to any other available means for the fair and efficient adjudication of this controversy.  The consequential damages suffered by Plaintiffs and the other class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class members to individually seek redress for Defendant's unfair and deceptive trade practices.  Even if Class members could afford individual litigation, the court system could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.  By contract, the class action device presents far fewer management difficulties and provides the benefits such as single adjudication, the economy of scale, and comprehensive supervision by a single court.

## <u>Count I: Breach of Contract</u>

24.  Plaintiff incorporates and realleges the allegations in paragraphs 1 through 23 as if fully set forth herein.

25.     Defendant had a contract with Plaintiff and the Class by which Defendant was authorized to charge a certain amount monthly in exchange for massage services.

26.     Defendant breached those contracts by charging amounts for services that could not and were not performed.

27.     Defendant also breached the contract by making it impossible for Plaintiff to cancel the contract by requiring in-person cancellation at a location that was closed due to the pandemic.

28.     Plaintiff and the Class have suffered damages as a result.

<u>**Count II: Violations of Florida's Deceptive
And Unfair Trade Practices Act ("FDUPTA")**</u>

29.     Plaintiff incorporates and realleges the allegations in paragraphs 1 through 23 as if fully set forth herein.

30.     Plaintiff is a consumer within the meaning of Section 501.203, Fla. Stat.

31.     Defendant engages in trade and commerce within the meaning of Section 501.203, Fla. Stat.

32.     Defendant charged amounts for services that could not and were not performed.

33.     As a result of Defendant's deceptive trade practices, Plaintiff was paying for services that were not rendered thus causing Plaintiff significant economic damage.

7

34.   Defendant's actions were unfair, unconscionable, and deceptive practices perpetrated on Plaintiff which would have likely deceived a reasonable person under the circumstances.

35.   Therefore, Defendant engaged in unfair and deceptive trade practices in violation of section 501.201 *et seq*., Fla. Stat.

36.   Pursuant to sections 501.211(1) and 501.2105, Fla. Stat., Plaintiff is entitled to recover from Defendant the reasonable amount of attorneys' fees Plaintiff has incurred in representing her interests in this matter.

WHEREFORE, Plaintiff and the similarly situated Class Members respectfully demand judgment against Defendant in the amount equal to their actual damages, plus attorneys' fees and costs, together with any and all statutory damages to which Plaintiffs and the Class Members are entitled.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial on all issues so triable.

Date:  July 8, 2020

Respectfully Submitted,

**Armas Bertran Pieri**
4960 SW 72 Avenue
Suite 206
Miami, Florida 33155
(305) 661-2021
ebertran@armaslaw.com
alfred@armaslaw.com
fzincone@armaslaw.com

8

By:/s/Eduardo E. Bertran
Eduardo E. Bertran
FBN: 94087
Francesco Zincone
FBN: 100096
J. Alfredo Armas
FBN: 360708

# EXHIBIT C

Filing # 110551649 E-Filed 07/21/2020 12:49:32 PM          20-1184

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

|  |  |
|---|---|
| Stephanie Armas, on behalf of herself and all others similarly situated | ) ) ) ) ) |
| Plaintiff(s), | ) GENERAL JURISDICTION ) ) CASE NO.: 2020-014384-CA-01 |
| v. | ) ) |
| Ivanworks Wellness, LLC, a Florida limited liability company d/b/a Elements Massage Pinecrest and Elements Therapeutic Massage, LLC | ) ) ) ) ) ) ) |

YOU ARE COMMANDED to serve this Summons and a copy of the complaint in this action on the Defendant(s):

Elements Therapeutic Massage, LLC
c/o Corporation Service Company
1900 W. Littleton Boulevard,
Littleton, CO 80120

Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney listed below:

**J. ALFREDO ARMAS, ESQUIRE**
ARMAS, BERTRAN PIERI
4960 SW 72nd Avenue, Suite 206
Miami, Florida 33155
(305) 661-2021
alfred@armaslaw.com
ebertran@armaslaw.com

within twenty (20) day after service of this Summons or that the Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately hereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

7/23/2020

DATED ON: _____.

HARVEY RUVIN
Clerk of the Court

By: _____
   219401
DEPUTY CLERK

**EXHIBIT D**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY, FLORIDA

|  |  |
|---|---|
| Stephanie Armas, on behalf of herself and all others similarly situated | GENERAL JURISDICTION |
| Plaintiff(s), | CASE NO.: 2020-014384-CA-01 |
| v. |  |
| Ivanworks Wellness, LLC, a Florida limited liability company d/b/a Elements Massage Pinecrest and Elements Therapeutic Massage, LLC, a Colorado limited liability company |  |

## PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff Stephanie Armas ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class") hereby brings this action against Ivanworks Wellness, LLC d/b/a Elements Massage Pinecrest and Elements Therapeutic Massage, LLC (collectively the "Defendants") and alleges as follows:

### Parties and Jurisdiction

1.   Plaintiff Stephanie Armas is an individual over the age of eighteen, is a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

2.   Ivanworks Wellness, LLC ("Ivanworks") is a Florida limited liability company that regularly transacts business in Miami-Dade County, Florida.

3.     Elements Therapeutic Massage, LLC ("ETM") is a Colorado limited liability company that regularly transacts business in Miami-Dade County, Florida.

4.     This is an action in which the amount in controversy, in the aggregate, exceeds the sum of thirty thousand dollars ($30,000.00), exclusive of interest, costs, and attorneys' fees.

## GENERAL ALLEGATIONS

5.     Ivanworks operates as Elements Massage Pinecrest, offering a subscription-based membership plan wherein customers pay a monthly fee of $100.00 for one massage a month.

6.     ETM sets all the policies and procedures for all Elements Massage locations throughout the country.

7.     Plaintiff became a member of Elements Massage Pinecrest and began paying $100.00 a month.

8.     On March 9, 2020, Governor Ron DeSantis declared a state of emergency in Florida. That declaration allows the State of Florida "to create a unified command structure . . . and allows, if need be, out of state medical personnel to operate in Florida" in order to address and work to contain the disease.

9.     On March 19, 2020, pursuant to Emergency Order 7-20, Miami-Dade County Mayor Carlos Gimenez issued an executive order ordering all non-essential retail and commercial establishments closed.

2

10. In light of the fact that Plaintiff could no longer receive the services bargained for, Plaintiff attempted to cancel her membership but was told that the only way she could do so was if she physically went to the location and cancelled in person.

11. This was obviously not possible because the massage parlor had been ordered closed.

12. Thus, Defendants continued to charge Plaintiff for three months and refused to cancel the membership.

13. ETM is aware of and benefits from this membership cancelation policy.

14. As it relates to this membership cancelation policy and procedure, Ivanworks was acting as an agent of ETM.

15. Upon information and belief, these same activities occur at every Elements Massage location throughout the country, as a direct result of ETM's policies and procedures.

16. Upon information and belief, Defendants have continued to charge countless other members who have attempted to cancel their membership but have been unable to do so.

17. Defendants' actions have caused Plaintiff and the Class harm.

## CLASS ALLEGATIONS

3

18.    Plaintiff brings this action on behalf of herself and the following

classes, pursuant to provisions 1.220(a), 1.220(b)(1), and 1.220(b)(3) of the Florida

Rules of Civil Procedure:

### Nationwide Class

All members who attempted to cancel their memberships at Elements
Massage locations but were unable to do so because of the draconian
policy of requiring in-person cancellations.

All members who were continued to be charged for services that
Elements Massage locations could not and did not perform.

Excluded from the class are all persons who made a timely election to
be excluded from the class, the judge to whom this case is assigned and
his/her immediate family, and the attorneys of record.

19.    Plaintiff reserves the right to revise the Class definition based upon

information learned through discovery.

20.    Certification of Plaintiff's claims for class wide treatment is appropriate

because Plaintiff can prove the elements of her claims on a class-wide basis using

the same evidence as would be used to prove those elements in individual actions

alleging the same claims.

21.    This action has been brought and may be properly maintained on behalf

of the Class proposed herein under Florida Rules of Civil Procedure 1.220(a),

1.220(b)(1), and 1.220(b)(3).

22.    **Numerosity.**   Florida Rules of Civil Procedure 1.220(a)(1): The

members of the Class are so numerous that individual joinder is impossible.  While

4

Plaintiff is informed and believes there are no less than thousands of members of the Class, the precise number of Class members is unknown to Plaintiff but may be ascertained from Defendant's records. Class members may be notified of the pendency of this action by recognized, court approved notice dissemination methods, which may be disseminated by U.S. Mail, email, internet postings, radio and television commercials, and print notice.

23. **Commonality.** Florida Rule of Civil Procedure 1.220(a)(2): This action involves common questions of law and fact. Plaintiff and Class possess the same rights arising contractually and under the laws of the State of Florida. The claims are predicated on the Defendant's improper and unlawful actions. The damages suffered by the Plaintiff and the Class were caused by the same common course of conduct on the part of the Defendant.

24. The common questions of law and fact, which predominate over any questions affecting individual Class members, include, without limitation:

a. Whether Defendant engaged in the conduct alleged herein;

b. Whether defendant breached its contractual obligations by making it impossible for members to terminate their contracts and/or continuing to charge members for services that were not and could not be performed; and

c. Whether Plaintiff and the Class are entitled to consequential damages and, if so, in what amount.

5

25.   **Typicality.**   Florida Rule of Civil Procedure 1.220(a)(3):   Plaintiff's claims are typical of other Class members' claims as Plaintiff possess the same interests and suffered the same injuries as the Class, such that there is a sufficient nexus between Plaintiff's claims and those of the Class.

26.   **Adequate Representation.**   Florida Rule of Civil Procedure 1.220(a)(4): Plaintiff is an adequate class representative because her interests do not conflict with the interests of the other members of the Class.   Plaintiff intends to prosecute this case vigorously.   Plaintiff has retained the law firm of Armas Bertran Pieri.   The Class' interests will be fairly and adequately protected by Plaintiff and her counsel.

27.   **Predominance and Superiority.**   Florida Rules of Civil Procedure 1.220(b)(1) and 1.220(b)(3):   A class action is superior to any other available means for the fair and efficient adjudication of this controversy.   The consequential damages suffered by Plaintiffs and the other class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class members to individually seek redress for Defendant's unfair and deceptive trade practices.   Even if Class members could afford individual litigation, the court system could not.   Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.

By contract, the class action device presents far fewer management difficulties and provides the benefits such as single adjudication, the economy of scale, and comprehensive supervision by a single court.

## Count I: Breach of Contract

28.    Plaintiff incorporates and realleges the allegations in paragraphs 1 through 27 as if fully set forth herein.

29.    Defendants had a contract with Plaintiff and the Class by which Defendants were authorized to charge a certain amount monthly in exchange for massage services.

30.    Defendants breached those contracts by charging amounts for services that could not and were not performed.

31.    Defendants also breached the contract by making it impossible for Plaintiff to cancel the contract by requiring in-person cancellation at a location that was closed due to the pandemic.

32.    Plaintiff and the Class have suffered damages as a result.

WHEREFORE, Plaintiff and the similarly situated Class Members respectfully demand judgment against Defendants in the amount equal to their actual damages, plus attorneys' fees and costs, together with any and all statutory damages to which Plaintiffs and the Class Members are entitled.

## Count II: Violations of Florida's Deceptive And Unfair Trade Practices Act ("FDUPTA")

7

33.    Plaintiff incorporates and realleges the allegations in paragraphs 1 through 27 as if fully set forth herein.

34.    Plaintiff and the class are consumers within the meaning of Section 501.203, Fla. Stat.

35.    Defendants engage in trade and commerce within the meaning of Section 501.203, Fla. Stat.

36.    Defendants charged amounts for services that could not and were not performed.

37.    As a result of Defendants' deceptive trade practices, Plaintiff was paying for services that were not rendered thus causing Plaintiff significant economic damage.

38.    Defendants' actions were unfair, unconscionable, and deceptive practices perpetrated on Plaintiff and the class which would have likely deceived a reasonable person under the circumstances.

39.    Therefore, Defendants engaged in unfair and deceptive trade practices in violation of section 501.201 *et seq.*, Fla. Stat.

40.    Pursuant to sections 501.211(1) and 501.2105, Fla. Stat., Plaintiff is entitled to recover from Defendants the reasonable amount of attorneys' fees Plaintiff has incurred in representing her interests in this matter.

WHEREFORE, Plaintiff and the similarly situated Class Members respectfully demand judgment against Defendants in the amount equal to their actual damages, plus attorneys' fees and costs, together with any and all statutory damages to which Plaintiffs and the Class Members are entitled.

### Count III: Unjust Enrichment

41.   Plaintiff incorporates and realleges the allegations in paragraphs 1 through 27 as if fully set forth herein.

42.   By their wrongful acts, Defendants were unjustly enriched at the expense, and to the detriment of, Plaintiff and the class.

43.   Defendants were unjustly enriched by charging amounts for services that could not and were not performed.

44.   Defendants have unjustly retained, and continued to retain those benefits at the expense of, and without service or compensation to, Plaintiff and the class. The benefits conferred on Defendants constitutes unjust enrichment.

WHEREFORE, Plaintiff and the similarly situated Class Members respectfully demand judgment against Defendants in the amount equal to their actual damages, plus attorneys' fees and costs, together with any and all statutory damages to which Plaintiffs and the Class Members are entitled

### JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

9

Date: July 21, 2020

Respectfully Submitted,

Armas Bertran Pieri
4960 SW 72 Avenue
Suite 206
Miami, Florida 33155
(305) 661-2021
ebertran@armaslaw.com
alfred@armaslaw.com
fzincone@armaslaw.com

By:/s/Eduardo E. Bertran
Eduardo E. Bertran
FBN: 94087
Francesco Zincone
FBN: 100096
J. Alfredo Armas
FBN: 360708

10